GISKAN SOLOTAROFF & ANDERSON LLP
217 Centre Street, 6th Floor
New York, New York 10013
(646) 964-9640
Jason L. Solotaroff
Aliaksandra Ramanenka
*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X

SHERNIKA RUSH,

                Plaintiff,                              Dkt. No.:

       -against-                                  **COMPLAINT**

DSS WIRELESS INC. and SONU SINGH,

                Defendant.

------------------------------------------------------------------------X

Plaintiff Shernika Rush, by her attorneys Giskan Solotaroff & Anderson LLP, for her complaint against Defendants DSS Wireless Inc. ("DSS") and Sonu Singh alleges as follows:

**Nature of the Action and Preliminary Statement**

1. This is an action, filed under the diversity jurisdiction of the Court for sexual harassment and retaliation in violation of the New York City Human Rights Law ("NYCHRL") and for failure to pay wages in violation of New York Labor Law § 191.

2. Ms. Rush worked for DSS Wireless from June to October 2017. Immediately after beginning work, Ms. Rush was subjected to extreme sexual harassment by her manager. Among the acts of harassment were her manager sending her pictures of his erect penis. Given

1

that DSS had not disseminated policies on reporting sexual harassment, Ms. Rush was unsure of how to handle the situation and discussed the harassment with her colleagues at work. When Defendant Singh, the owner of DSS, found out about the harassment, he transferred Ms. Rush to work in several other locations and allowed the manager to remain employed. Eventually, Mr. Singh terminated Ms. Rush's employment, telling her the reason she was fired was because she had complained about the sexual harassment to a co-worker.

## THE PARTIES

3. Plaintiff Shernika Rush is domiciled in Newark, New Jersey.

4. Defendant DSS Wireless Inc. is a corporation organized under the laws of New York with its principal place of business in Brooklyn, New York.

5. Defendant Sonu Singh is the owner and chief executive of DSS and is domiciled within the State of New York, on information and belief, in Jericho, New York. Defendant Singh is personally involved in managing the employees of DSS and scheduling when and where the employees worked.

## VENUE AND JURISDICTION

6. This Court has jurisdiction over Ms. Rush's claims based on the diversity of citizenship of the parties and the amount in controversy exceeding $75,000.

7. Venue is properly before this Court pursuant to 28 U.S.C. §1391 as a substantial part of the events or omissions giving rise to the claim occurred in this District.

8. This Court has personal jurisdiction over Defendants because they operate a business in New York State and employed Plaintiff within New York State.

## THE FACTS

9. Shernika Rush is a twenty-five-year-old woman who is currently domiciled in Newark, New Jersey.

10. In June 2017, Ms. Rush applied for a position at DSS's Clarkson Avenue store and was hired after an interview with the Assistant General Manager and the store's manager, Armando Gonzalez.

11. After Ms. Rush started work on June 30, 2017, Gonzalez began to immediately sexually harass her. Gonzalez consistently propositioned Ms. Rush to have a sexual relationship with him and texted her pictures of his erect penis.

12. Ms. Rush had not received a copy of DSS's anti-harassment policy at that time, or any sexual harassment training. Accordingly, Ms. Rush was unsure of how to deal with Gonzalez's harassment.

13. Ms. Rush ended up speaking to her co-workers Jenellie and Raymond about the harassment. When Raymond informed Sonu Singh, DSS's owner, about the harassment Ms. Rush had suffered, DSS and Singh removed her from the store but remarkably allowed Mr. Gonzalez to remain employed.

14. Thereafter, DSS and Singh retaliated against Ms. Rush by not providing her with a stable work environment, consistently moving her from store to store and frequently making her work alone, in violation of the guidelines of Metro PCS, the company for which DSS acted as a reseller. Singh would personally direct Ms. Rush to report to the various locations.

15. After Ms. Rush was injured in an accident at the Rutland Road store and was placed on light duty, DSS and Singh cut her hours.

16. Finally, Defendant Singh terminated Ms. Rush's employment on October 9, 2017. Singh specifically stated that Ms. Rush was being terminated because of her complaints to Jenellie about the sexual harassment.

17. At the time Ms. Rush was terminated, she was owed commissions. Although Mr. Singh promised that he would pay Ms. Rush those commissions, Defendants failed to make those payments.

**FIRST CLAIM FOR RELIEF**
(Sexual Harassment in Violation of NYCHRL)

18. Plaintiff repeats and re-alleges the allegations contained in the preceding paragraphs above as if fully set forth herein.

19. Defendants harassed and discriminated against Plaintiff in the terms and conditions of her employment based on her sex in violation of the NYCHRL.

**SECOND CLAIM FOR RELIEF**
(Retaliation in Violation of NYCHRL)

20. Plaintiff repeats and re-alleges the allegations contained in the preceding paragraphs above as if fully set forth herein.

21. Defendants retaliated against Plaintiff in the terms and conditions of her employment based on her opposition to sexual harassment in violation of the NYCHRL.

**THIRD CLAIM FOR RELIEF**
**(Failure to Pay Wages in Violation of New York Labor Law § 191)**

22. Plaintiff repeats and re-alleges the allegations contained in the preceding paragraphs above as if fully set forth herein.

23. Defendants failed to pay Plaintiff earned commissions, which constituted wages within the meaning of the New York Labor Law.

WHEREFORE, Plaintiff demands judgment:

1. Requiring Defendants to reinstate Plaintiff to the position she held prior to termination, with all employee benefits incidental thereto; or in the alternative awarding front pay;

2. Enjoining Defendants, upon Plaintiff's reinstatement, from discriminating against or harassing Plaintiff on the basis of sex, in the terms and conditions of her employment;

3. Awarding Plaintiff back pay;

4. Awarding Plaintiff compensatory damages, including but not limited to damages for emotional distress;

5. Awarding Plaintiff punitive damages;

6. Awarding Plaintiff unpaid wages;

7. Awarding Plaintiff liquidated damages pursuant to New York Labor Law §198;

6. Awarding reasonable attorneys' fees, costs, and expenses, and,

Granting such other legal and equitable relief to the Plaintiff as the Court may deem just and equitable.

## JURY DEMAND

Plaintiff demands trial by jury of all issues as of right by a jury.

Dated:   New York, New York
         April 20, 2018

                GISKAN, SOLOTAROFF & ANDERSON LLP

                /s

5

                                                      _____

By:    Jason L. Solotaroff
jsolotaroff@gslawny.com
Aliaksandra Ramanenka
aramenenka@gslawny.com
217 Centre Street
New York, New York 10013
646-964-9640
ATTORNEYS FOR PLAINTIFF